IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

RAYLENE HEYBERGER

              Plaintiff,                        No.

    v.

                                                   JURY TRIAL DEMANDED

ASHFIELD HEALTHCARE, LLC

              Defendant.

_____

## CIVIL COMPLAINT

Plaintiff Raylene Heyberger files this Complaint against Defendant Ashfield Healthcare, LLC, and in support thereof avers as follows:

### JURISDICTION AND VENUE

1.      The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Counts I, II and III, which are based upon laws of the United States of America: the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADA"); the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §2601; and the Age Discrimination in Employment Act, 29 U.S.C. §621 ("ADEA").

2.      Plaintiff requests a trial by jury of the claims raised herein.

3.      Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and the events giving rise to the claim occurred in this District.

4.      The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5.      Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-

2022-01067 on November 19, 2021, which was dual-filed with the Pennsylvania Human

Relations Commission ("PHRC").

6.      On May 19, 2022, the EEOC issued a Notice of Right to Sue, permitting Plaintiff

to file her causes of action under the ADA and ADEA.

7.      Upon receipt of applicable authority from the PHRC, Plaintiff intends to amend

this Complaint and assert causes of action for disability and age discrimination under the PHRA.

**PARTIES**

8.      Plaintiff Raylene Heyberger ("Heyberger") is an adult female who resides at 212

Deer Run Drive, Norristown, PA 19403.

9.      Defendant Ashfield Healthcare, LLC ("Ashfield") is a Florida corporation with a

principal business in the Commonwealth of Pennsylvania at 1100 Virginia Drive, Suite 200, Fort

Washington, PA 19034.

10.     At all times relevant hereto, Ashfield was acting through its agents, servants and

employees, who were acting within the scope of their authority, in the course of their

employment, and under the direct control of Ashfield.

**ACTUAL BACKGROUND**

11.     Heyberger is a 72-year-old female.

12.     On October 28, 2018, Heyberger commenced employment with Ashfield as a

Nurse Educator, working in Fort Washington, PA.

13.     Heyberger was paid an annual salary of approximately $76,000.00, plus

employment benefits.

14.     Ashfield is an integrated healthcare services partner, offering a breadth of services

including strategic consulting, benchmarking, commercialization, customer engagement, events,

marketing and communication.

15.     Ashfield has over 7,000 employees based in 28 countries.

## Ashfield's Contract With Sun Life

16.     Ashfield contracts with an outside administrator, Sun Life Financial ("Sun Life") to evaluate and provide certifications for Ashfield employee leave requests under the FMLA.

17.     Ashfield also contracts with Sun Life to evaluate and provide certifications for Ashfield employee reasonable accommodation leave requests under the ADA.

18.     Sun Life also provides short-term disability benefits to Ashfield employees through a short-term disability insurance plan secured through Ashfield's corporate parent company, UDG Healthcare, PLC.

19.     Sun Life coordinates Ashfield employee leave requests and certification for FMLA leave, ADA reasonable accommodation requests and short-term disability benefits in a single system that is supported by clinical, vocational and compliance experts.

## Heyberger's Leave Request

20.     Heyberger suffers from a major depressive disorder ("depression"), which constitutes a mental or psychological impairment under the ADA.

21.     On June 14, 2021, Heyberger was experiencing severe depression.

22.     As a consequence of the depression, Heyberger's treating counselor advised Heyberger to take a leave of absence from work.

23.     Heyberger advised Ashfield that she required a leave from work.

24.     Heyberger was directed to complete all necessary FMLA leave, and short-term disability paperwork provided by Sun Life.

25.     At Sun Life's request, Heyberger provided voluminous information regarding her health condition and the need for a leave from work.

3

26.     On June 15, 2021, Dana Roessler, an Ashfield Human Resources Generalist, confirmed that Ashfield had received notice of Heyberger's FMLA leave request from Sun Life.

27.     Thereafter, Sun Life initially approved Heyberger's FMLA leave request through September 10, 2021, and three additional days through September 13, 2021, as a reasonable accommodation under the ADA.

**Heyberger's Request for an Extended Leave Accommodation**

28.     Due to her condition and need for continuing treatment, Heyberger was not going to be able to return to work as of September 13, 2021.

29.     On or about, August 27, 2021, Heyberger contacted Sun Life by phone to request an extension of her leave from work and the extension of her short-term disability claim, at that time Heyberger had to leave a voicemail message for Sun Life.

30.     On August 27, 2021, Sun Life representative, Julia (last name unknown), left a voicemail message for Heyberger on her cell phone, confirming that Sun Life had received Heyberger's request for an extension of her short-term disability and need for further leave from work (*See* Exhibit "A").

30.     Sun Life directed Heyberger to report  back to Sun Life after her next appointment with her mental health counselor on September 7, 2021, in order to provide an update regarding her treatment and expected return to work date.

31.     Sun Life advised Heyberger that after the September 7, 2021 appointment, it would need updated medical records and a certification from Heyberger's mental health counselor to "keep you out of work."

32.     Sun Life advised Heyberger that Ashfield would be advised of the request for the extension.

33.     Heyberger's request for additional leave from work beyond September 13, 2021 constitutes a request for a reasonable accommodation under the ADA.

34.     As directed by Sun Life, Heyberger followed up with Sun Life after her September 7, 2021 appointment to advise that the leave would need to be extended.

35.     As part of its role as a contractor to Ashfield, Sun Life was in communication with Ashfield regarding Heyberger's ADA leave request.

36.     In addition, Dana Roessler ("Roessler"), Ashfield Human Resources Generalist, had Heyberger's cell phone number, and she was able to contact Heyberger at any time.

37.     Rather than contact Heyberger directly by cell phone regarding any questions regarding the leave extension, Roessler instead forwarded emails to Heyberger's personal email address, which Heyberger did not check each day that she was out work on leave.

### Ashfield's Termination of Heyberger's Employment

38.     Without attempting to reach Heyberger by cell phone, on September 16, 2021, Ashfield sent Heyberger a letter advising Heyberger that her employment was terminated, claiming that Heyberger had three consecutive days of unexcused absences.

39.     Immediately upon receipt of Ashfield's September 16, 2021 letter, on September 17, 2021, Heyberger contacted Human Resources Generalist Roessler to advise Roessler that she had followed Sun Life's directions regarding her request for additional leave, and that Sun Life had advised Heyberger that it would be contacting Ashfield.

40.     Heyberger also advised Rosessler that Sun Life was in the process of considering Heyberger's request to extend her short-term disability benefits and leave request.

41.     Roessler replied to Heyberger by falsely claiming that Sun Life had no record of a request for this extension.

42.     Roessler never contacted Heyberger after the September 17, 2021

communication, thereby refusing to rescind Ashfield's decision to terminate Heyberger's employment.

43.     Heyberger complied with Sun Life's direction to provide an update regarding her treatment and return to work after the September 7, 2021 appointment along with additional treatment records.

44.     On September 29, 2021 Sun Life advised Heyberger that her short-term disability benefit leave was approved through November 7, 2021. (*See* Exhibit "B")

45.     As of November 8, 2021, Heyberger was released to return to work, but Sun Life had already terminated her employment.

46.     Ashfield erroneously claims that Heyberger was terminated for  unexcused absences.

47.     None of Heyberger's absences from work should have been designated as unexcused.

48.     In terminating Heyberger's employment, Ashfield failed to recognize that Heyberger complied with Ashfield's policies, and that Heyberger was following the instructions and directions of Sun Life, with whom she had been in continuous contact regarding the initial FMLA leave, subsequent ADA request for extended leave, and short-term disability benefits.

49.     On or about August 2021, Ashfield hired Amanda Hirsch ("Hirsch") as a Norse Educator assigned to its Fort Washington office.

50.     Hirsch is approximately 28 years of age.

51.     Heyberger's duties were assumed, and/or she was replaced by Hirsch and/or other employees who are substantially younger, did not request FMLA leave, and were not disabled.

52.     Ashfield has discriminated and retaliated against Heyberger because of a record

of disability and denied Heyberger a reasonable accommodation, in the form of leave from work through November 7, 2021.

53.     Ashfield has not proffered any legitimate reason for the termination of Heyberger's employment.

54.     Heyberger has incurred substantial damages as a consequence of Ashfield 's conduct, including lost wages and emotional distress.

55.     Ashfield's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT I

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

### 42 U. S. C. §12101, et. seq.

### DISABILITY DISCRIMINATION

56.     Paragraphs 1 to 55 are incorporated herein as if set forth in full.

57.     Heyberger  has a disability under the ADA in the form of an impairment that substantially limits one or more major life activities as compared to the average person or most people in the general population.

58.     Heyberger is/was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations by the employer.

59.     Ashfield was aware of Heyberger 's disability.

60.     Heyberger had a record of impairment.

61.     Heyberger was regarded as having such impairment.

62.     Ashfield treated Heyberger differently than other similarly situated individuals who are, or were not disabled, or whom Ashfield did not regard as disabled.

63.     In terminating Heyberger's employment, Ashfield treated Heyberger differently than other similarly situated individuals who did not request a reasonable accommodation in the form of leave from work.

64.     Heyberger suffered an adverse employment action as a result of the Ashfield's discrimination based upon a known disability.

WHEREFORE, Plaintiff Raylene Heyberger requests that this Court enter judgment in her favor and against Defendant Ashfield Healthcare, LLC, and that this Court award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including monetary damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT II

### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

### 29 U. S. C. § 2601, et. seq.

65.     Paragraphs 1 to 64 are incorporated herein as if set forth in full.

66.     Heyberger was an eligible employee under the FMLA in that prior to her leave of absence from work; Heyberger was continuously employed for more than twelve months and had at least 1,250 hours of service during the past twelve months.

67.     At all times during and after Heyberger 's employment, Ashfield was/is an Employer subject to the FMLA in that it engages in commerce or in any industry or activity affecting commerce and has employed 50 or more employees within a 75-mile radius of Fort Washington, PA for each working day during each of 20 or more calendar workweeks in the calendar years 2020 to present.

68.    Heyberger had a FMLA qualifying reason that necessitated a leave for work.

69.    Heyberger was entitled to a minimum of twelve workweeks of leave under the FMLA during any rolling twelve-month period.

70.    Ashfield retaliated against Heyberger by terminating Heyberger's employment in retaliation for her invocation of her FMLA rights.

71.    Ashfield's actions with respect to Heyberger constitute willful violations of the FMLA.

72.    Heyberger  has sustained substantial damages as a result of Ashfield 's actions.

WHEREFORE, Plaintiff Raylene Heyberger requests that this Court enter judgment in her favor and against Defendant Ashfield Healthcare, LLC, and that this Court award Plaintiff all damages available and requests that the Court award Plaintiff all monetary damages equal to the amount of wages, employment benefits, and any other actual monetary losses sustained, interest, liquidated damages as defined by the Family and Medical Leave Act, reasonable attorneys' fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT III

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. §621 et. seq.

73.    Paragraphs 1 to 72 are incorporated herein by reference, as if set forth in full.

74.    Heyberger is over 40 years of age.

75.    Ashfield is subject to the ADEA.

76.    Heyberger was/is qualified for the position of Nurse Educator.

77.    Heyberger suffered an adverse employment decision in the form of the termination of her employment.

78.     Defendant Ashfield's actions towards Heyberger and the decision to terminate Heyberger 's employment were arbitrary and capricious, and based upon a discriminatory animus towards older employees in the workplace.

79.     Defendant Ashfield's conduct is Ashfield is unlawful and constitutes unlawful age discrimination in violation of the ADEA.

80.     As a direct result of the aforesaid conduct, Heyberger has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Raylene Heyberger requests that this Court enter judgment in her favor and against Defendant Ashfield Healthcare, LLC, and that this Court award Plaintiff all damages available under the Age Discrimination in Employment Act, including monetary damages exceeding $150,000.00, in the form of all compensation and monetary losses, which Plaintiff has been denied, including back pay, front pay and prejudgment interest; reinstatement; ADEA liquidated damages; reasonable attorneys' fees; expert witness fees; costs; and any other relief which the court deems appropriate.

/S/ Andrew S. Abramson, Ese.
_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Attorney for Plaintiff Raylene Heyberger

Dated: June 2, 2022

# EXHIBIT "A"

11:45

## Voicemail

Joel luzkowski                          9/27/21
phone                                    00:30

Dr. Schwartz Mainline He...   9/10/2
mobile                                   00:20

Dr. Schwartz Mainline He...   9/9/2
mobile                                   00:08

**+1 (866) 683-6334**
unknown
August 27, 2021 at 10:18 AM

0:00                                      -0:59

Transcription Beta

"Good morning this message is for
_____ this is Julia _____ Sun Life
financial calling in regards to your
request for short-term disability just
wanted to give you a quick call and I'll
let you know that I received your
request for an extension please call
us after your appointment on
September 7 with _____


Favorites

Recents

Contacts

Keypad

Voicemail

12:10

## Voicemail

mobile

Dr. Schwartz Mainline He...   9/9/2'
mobile

wanted to give you a quick call and I'll
let you know that I received your
request for an extension please call
us after your appointment on
September 7 with _____
and provide him an update regarding
your treatment and return to work
unfortunately I can't send one _____
disability forms to you as you're sure
if your disability only has been
approved from September 13 and will
need updated medical records and
certification from your provider to
keep you out of work your church
and disabilities _____ _____ mid
December therefore we are unable
sent off forms at a time as I can
return to work plan _____ change based
on medication adjustment and
symptoms improvement if you have

**+1 (610) 239-7810**          8/24/21
Norristown, PA              00:43







Favorites   Recents   Contacts   Keypad   Voicemail

12:11

## Voicemail

Greeting                          Edit

mobile                          00:26

Dr. Schwartz Mainline He...  9/9/2   
mobile                          02:08

who provide him an update regarding your treatment and return to work unfortunately I can't send one _____ disability forms to you as you're sure if your disability only has been approved from September 13 and will need updated medical records and certification from your provider to keep you out of work your church and disabilities _____ mid December therefore we are unable sent off forms at a time as I can return to work plan ___ change based on medication adjustment and symptoms improvement if you have any questions please call 800-247-6875 thank you and have a good day..."

Was this transcription useful or not useful?

+1 (610) 239-7810            8/24/21   
Harrisburg, PA                 00:44






Favorites    Recents    Contacts    Keypad    Voicemail

# EXHIBIT "B"



September 29, 2021

Raylene Heyberger
212 Deer Run Dr
Norristown, PA 19403

**Re:**   Your Short-Term Disability (STD) Claim: NTN-64178
Group Policy: 943248
Group Policyholder: Ashfield Healthcare, LLC and its Affiliates

Dear Raylene Heyberger:

We are pleased to let you know your claim for disability benefits has been extended through November 7, 2021.

**What happens next**

Please contact us after you see your treating provider to provide an update. We may need additional information from you and your provider to determine if you qualify to receive additional benefits. Typically, we'll ask for copies of the office visit notes from your most recent visit.

Keep in mind, *a note from your treating provider keeping you out of work is generally not sufficient to extend your disability benefit.*

Our philosophy is that Work is Healthy. We may be able to work with you, your treating provider and your employer to develop a safe and effective way for you to return to work earlier than expected. Ask me about our WisH program.

**If you have questions**

We're here to help. If you wish to talk to us about your claim, please call 800-247-6875, between 8 a.m. to 8 p.m. Eastern Time, Monday through Friday.

If you need to send us any information please be sure to include your name, along with your claim number: NTN-64178.

- Email us: std.ccu@sunlife.com
- Fax us: 781-304-5599 (received in a confidential area)
- Login to our Member Portal: www.sunlife.com/account
- Mail:    Sun Life
          PO Box 81915
          Wellesley Hills, MA 02481-0011



Sincerely,

Kayla Parshley,
STD Case Manager 2
Sun Life Assurance Company of Canada

